**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| National Specialty Insurance Company, individually and as assignee of Trans Select d/b/a Select Transport Systems, | ) ) ) |
| | ) C.A. No.: 6:10-cv-00826-JMC |
| Plaintiff, | ) |
| | ) **ORDER AND OPINION** |
| v. | ) ) |
| AIG Domestic Claims, Inc. and National Union Fire Insurance Company of Pittsburgh, Pa., | ) ) ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff National Specialty Insurance Company's ("Plaintiff") Motion to Enforce Admissions and to Determine the Sufficiency of Certain Requests to Admit [Doc. 17] pursuant to Rule 36 of the Federal Rules of Civil Procedure. For the reasons stated herein, Plaintiff's Motion to Enforce Admissions and Determine the Sufficiency of Certain Requests to Admit is **denied.**

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed this action against Defendants AIG Domestic Claims, Inc. ("Domestic Claims") and National Union Fire Insurance Company ("National Union") (also collectively known as "Defendants") on March 2, 2010, in the Greenville County, South Carolina Court of Common Pleas. [Doc. 1-1]. Plaintiff seeks a declaration that an insurance policy extended by National Union to Jamison Group, Inc. provides coverage for a default judgment that Plaintiff obtained against Jamison

1

Group. [Doc. 1-1].[1]

On March 29, 2010, Plaintiff served on the South Carolina Department of Insurance the Summons, Complaint, Interrogatories, Requests for Production and Requests for Admission directed to National Union. [Doc. 20-1]. Domestic Claims was served through its registered agent. On April 2, 2010, Defendants removed the action to this court and together filed one Answer in which they generally denied that they insured and provided coverage for the Jamison Group's underlying claims or suits. [Doc. 4 at ¶¶ 9, 12 and 17].

On April 14, 2010, Domestic Claims timely responded to Plaintiff's Requests to Admit. [Doc. 17-3]. After more than five months had elapsed and National Union had not submitted its responses, on September 21, 2010, Plaintiff filed its Motion to Enforce Admissions and Determine the Sufficiency of Certain Requests to Admit. [Doc. 17]. National Union submitted its responses to Plaintiff's Requests to Admit on September 23, 2010 [Doc. 20-2, at 2-3], and on October 8, 2010, Defendants filed their Response to Plaintiff's Motion to Enforce Admissions and Determine Sufficiency of Certain Responses. [Doc. 20]. On April 8, 2011, this court conducted a hearing on Plaintiff's motion.

## II.     REQUESTS TO ADMIT

---

[1.] This is the second iteration of this suit. Plaintiff filed an earlier suit in the Richland County, South Carolina Court of Common Pleas in March 2009. [3:09-cv-01183, Doc. 1-1]. Defendants removed the case to the United States District Court where it was assigned to United States District Judge Joseph F. Anderson. [3:09-cv-01183, Doc. 1]. In both the prior suit and the instant suit, Defendants denied that a National Union policy provided coverage for the underlying loss. [3:09-cv-01183, Doc. 4, at 2, ¶¶ 7,8]; [Doc. 4, at 2, ¶ 9]. After Judge Anderson dismissed Domestic Claims from the suit and dismissed a cause of action for bad faith against National Union [3:09-cv-01183, Doc. 28], Plaintiff moved to dismiss its suit, and Judge Anderson granted Plaintiff's motion. [3:09-cv-01183, Doc. 32].

2

Under Rule 36(a)(3),

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3). Plaintiff requests the court find that National Union has admitted the matters addressed in its Request to Admit. Plaintiff argues that the finding of an admission is warranted because National Union did not seek an extension, the time to reply had expired and National Union made no showing of good cause for its delay. [Doc. 17, at 2]. National Union acknowledges that it failed to respond to Plaintiff's Request to Admit but contends that the omission was due to mistake and inadvertence. [Doc. 20, at 15].

Under Rule 36(a)(3), the court may allow additional time to respond, or under Rule 36(b) the court may, on motion, "permit[] the admission to be withdrawn or amended." Furthermore, "[a] formal written motion to withdraw is not necessary. A request to withdraw usually may be made orally or may be imputed from a party's action. Courts have even found that a late response to requests for admission is equivalent to a withdrawal of a deemed admission." 7 *Moore's Federal Practice* § 36.13 (Matthew Bender 3d ed.) (citing *Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010)). Moreover, where the untimely filing of responses to requests to admit contains answers similar to denials contained in the same defendant's answer, those untimely responses may be deemed the "functional equivalent of a motion to withdraw admissions made under Rule 36(b)." *Quasius*, 596 F.3d at 951 (citing *Warren v. Int'l Brotherhood of Teamsters*, 544 F.2d 344, 339-40 (8th Cir. 1976)).

In the instant case, National Union filed its Memorandum in Opposition to Motion to Enforce

3

Admissions on October 8, 2010 [Doc. 20] and attached to its memorandum its responses to Plaintiff's Requests to Admit. [Doc. 20-2, at 2-3]. National Union's responses to Plaintiff's Requests to Admit are similar to the denials contained in its Answer. [Doc. 4, at 2-4, ¶¶ 9, 12, and 17]. Moreover, Plaintiff submitted similar Requests to Admit to both National Union and Domestic Claims, and National Union's responses were essentially identical to the responses filed by Domestic Claims on April 14, 2010. [Doc. 23, at 2]. Consequently, the court deems National Union's Memorandum in Opposition to Motion to Enforce Admissions and its attached responses to Plaintiff's Requests to Admit to be a motion to withdraw its responses or for leave to file late responses under Rule 36(b).

The court now turns to the analysis governing its decision to grant or deny National Union's motion to withdraw its responses or for leave to file late responses. Requests by parties for either leave to withdraw admissions or for an extension of time to respond to requests for admission are generally analyzed under the framework outlined in Fed. R. Civ. P. 36(b) under which "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

### A.    Presentation of the Merits of the Action

The first element of Rule 36(b)'s two part test highlights the importance of ensuring that the case will be resolved on its merits. *See* Fed. R. Civ. P. 36(b); *Kress v. Food Emp'rs. Labor Relations. Ass'n.*, 285 F. Supp. 2d 678, 681 (D. Md. 2003); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 686 (M.D. Fla. 2005). The first element "essentially asks if allowing the withdrawal will aid in the resolution of the case [and it] favors allowing defendants to withdraw an

4

admission." 10A John Kimpflen et al., *Federal Procedure, Lawyers Edition* § 26:750. In considering whether the presentation of the merits of the action would be promoted by allowing a late response or withdrawal of an admission, courts have looked to "whether the matter involved is a key fact issue, and whether the matter, which would be admitted in the absence of an allowance to file a late response, was in fact denied in the proposed response submitted by the answering party or in the answering party's answer to the complaint." *Id.*

In *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 55 F. Supp. 2d 309, 313 (D. Del. 1999), an insurance agency brought an action in Texas state court against an insurance company. The insurance company removed the action to the United States District Court for the Southern District of Texas, and then subsequently moved to transfer venue to the District of Delaware. *Id*. While the case was still pending before the District Court for the Southern District of Texas, but after the insurance company had moved to transfer venue, the plaintiff served its first requests for admissions on the insurance company. *Id*. The insurance company asked for and received an extension for time to answer; however, the insurance company did not serve responses to the requests until eight (8) months after the extended deadline. *Id*. The plaintiff argued the responses were untimely and the requests should be admitted. *Id*. at 313-14.

The court disagreed and allowed the insurance company to withdraw the admissions. *Id*. at 314. In so holding, the court found the merits of the action would be subserved by allowing withdrawal, noting specifically that no new discovery was required and the insurance company had consistently denied the matter which was the subject of the requests for admission. *Id* . Moreover, the court noted the insurance company denied the matter before significant discovery had taken place and prior to the case being set for trial. *Id*.

Similarly, in the instant case, granting National Union's request would promote presentation of the merits because National Union has consistently denied the matters addressed in Plaintiff's Requests to Admit. [Docs. 4, 21-1, 17-3]. Moreover, Plaintiff's Requests to Admit relate to the central issues in dispute in this case. [Docs. 1-1, 4, 17-1, 20-2]. Thus, allowing National Union's purported admissions to stand would block consideration of the contested merits of this case. *See Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992) (finding that allowing plaintiff to withdraw admissions would aid the resolution of plaintiff's claims because defendant's requested admissions contradicted plaintiff's allegations).

In addition, National Union asserts that its failure to respond to Plaintiff's Requests to Admit was due to mistake and inadvertence. Courts have allowed parties to submit untimely responses to Requests to Admit where the cause of the late response was inadvertence or mistake. *See Ameribanc Savs. Banks v. Resolution Trust Corp.*, 858 F. Supp. 576, 581 (E.D. Va. 1994) (finding defendants failed to establish that granting plaintiff leave to file late answers to request for admissions would substantially prejudice defendants' ability to defend themselves on merits, and thus, leave would be granted, where requests for admissions, along with other discovery requests, apparently were placed in "discovery file" by counsel without ever being reviewed by counsel, and where, in response to requests for documents, plaintiff's counsel provided entire file to defendants, and never noticed outstanding requests for admission). Plaintiff's Complaint names both National Union and Domestic Claims, and as National Union asserts, the Summons and Complaint with exhibits and discovery demands were served as one document on each defendant. National Union asserts that on April 7, 2010, its Senior Claims Director received the Summons and Complaint with exhibits and discovery requests and mistakenly thought that the document was a duplicate of what had already been served

and failed to realize that discovery demands directed specifically to National Union were included after the exhibits of the complaint. National Union asserts that any failure to timely respond to Plaintiff's Requests to Admit was not volitional, but rather the result of mistake and inadvertence. For the foregoing reasons, the court finds that allowing National Union to withdraw or file late admissions would subserve the important interest of resolving the case on its merits.

### B.     Prejudice to Requesting Party

Plaintiff argues that it would be prejudiced if National Union is allowed to amend or withdraw its admission because it would incur added expenses and consumption of time if this case proceeds to trial rather than settling. [Doc. 23, at 4]. Plaintiff also argues that denying National Union's motion for leave to withdraw or amend its responses would increase the likelihood that the case will settle or proceed to a simplified trial for damages and that it would more quickly be able to recover monies that it asserts it should have been paid long ago. [Doc. 32, at 4]. Again, under Rule 36(b), a court may grant a request to withdraw or amend "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." According to the United States Court of Appeals for the First Circuit,

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Brook Village North Assocs. v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir. 1982). In the instant case, Plaintiff would not be prejudiced by National Union's withdrawal of its purported admission, or by an allowance of an extension of time to respond because Plaintiff is able to obtain evidence

to prove the matters addressed in Plaintiff's Requests to Admit. Furthermore, throughout the course of this litigation, as well as the earlier litigation related to this matter, National Union has denied the matters addressed in the Requests to Admit. [Docs. 4, 21-1, 17-3]. Consequently, "it is evident from the nature of the case that its merits are contested . . . ." *Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 40 (W.D.N.Y. 1985). Thus, Plaintiff cannot be said to have relied upon the "admissions" due to National Union's failure to respond timely. *See Essex Builders Group. Inc.*, 230 F.R.D. at 687.

In sum, National Union's untimely response to Plaintiff's Requests to Admit was the result of mistake or inadvertence and granting National Union leave to file the late response or withdrawal of admissions would promote presentation of the merits of this action and would result in no prejudice to Plaintiff. Given National Union's similar denials in its Answer and given the similarity of National Union's denials to Domestic Claims' denials in its response to Plaintiff's Requests to Admit, Plaintiff has been aware that National Union has denied that the subject policy provides coverage. Accordingly Plaintiff's request to enforce admissions [Doc. 17] is denied.

### III.    Motion to Determine the Sufficiency of Certain Requests to Admit

In its motion, Plaintiff also requests the court determine the sufficiency of Domestic Claims' response to request number two. [Doc. 17-3, at 1]. The text of Plaintiff's request number two and of Domestic Claims' response read as follows:

> Please admit that National Union, or its authorized representative, received written notice by or on behalf of The Jamison Group during the policy period for Policy Number 490-35-02, with particulars sufficient to identify the insured, on either June 7, 2005, or June 15, 2005, or both as reflected in document Bates Numbered Nat.Union 000183, Nat.Union 000199, and Nat.Union 000173-174.

> **The Defendants object to Request to Admit 2. Request to Admit 2 requests that the Defendants admit that National Union, or its authorized representative, "received written notice by or on behalf of The Jamison Group ... ". The Request to Admit does not indicate the fact, claim, or other information of which National Union is alleged to have received notice.**

[Doc. 17-3, at 1-2] (emphasis supplied). Plaintiff argues that Domestic Claims' purported objection is in fact a denial based on lack of information and that in order to make such a denial, Domestic Claims is required, under Rule 36(a)(4), to "state[] that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36 (a)(4). Plaintiff argues that if Domestic Claims had merely referred to the cited documents, which it claims were in Domestic Claims' possession, it would have known what "notice" was being referenced. [Doc. 23, at 10]. Domestic Claims argues that Plaintiff's request number two is unclear and that Plaintiff does not identify the thing or occurrence of which Domestic Claims is alleged to have received notice. [Doc. 20, at 18]. In addition, Domestic Claims argues that request number two refers to documents which were not attached to the Request to Admit and which were identified by numbers from the prior iteration of this suit.

For the following reasons, the court disagrees with Plaintiff's characterization of Domestic Claims' response to request number two.

> The responding party may object to the form or substance of the request. An objecting party must serve on the requesting party a written objection, addressed to the matter, specifically stating the reason or reasons for the objection . . . [i]f a responding party objects to a particular portion of the request, the response should specifically state the portion of the request to which the responding party objects, and the responding party should properly and unambiguously answer the portion of the request to which the objection does not apply.

7 *Moore's Federal Practice* § 36.11 (Matthew Bender 3d ed.). In the instant case, Domestic Claims'

9

objection is proper as it specifically identified the precise issue which rendered request number two, in form, vague. That is, request number two does not specify exactly what Domestic Claims was to have received notice of. Accordingly, Plaintiff's Motion to Determine the Sufficiency of Certain Requests to Admit is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Enforce Admissions and to Determine the Sufficiency of Certain Requests to Admit are **DENIED**. [Doc. 17].

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

April 29, 2011
Greenville, South Carolina