IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| National Specialty Insurance Company, individually and as assignee of Trans Select d/b/a Select Transport Systems,<br><br>Plaintiff,<br><br>v.<br><br>AIG Domestic Claims, Inc. and National Union Fire Insurance Company of Pittsburgh, Pa.,<br><br>Defendants. | C.A. No.: 6:10-cv-00826-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court on Defendant AIG Domestic Claims, Inc.'s ("Domestic Claims") Motion to Dismiss [Doc. 26] on the ground that Plaintiff National Specialty's ("National Specialty") claims are barred by the doctrine of *res judicata*. For the reasons stated herein, Domestic Claims' Motion to Dismiss is **GRANTED**.

**FACTUAL/PROCEDURAL BACKGROUND**

Plaintiff National Specialty Insurance Company ("National Specialty") brought this action against Defendants Domestic Claims and National Union Fire Insurance Company of Pittsburg, PA ("National Union") (collectively "Defendants") on March 2, 2010, in the Greenville County Court of Common Pleas. [Doc. 1-1, at 3]. Defendants removed the suit to this court on April 2, 2010. [Doc. 1]. National Specialty seeks a declaration by this court that an insurance policy issued by National Union to Jamison Group, Inc. ("Jamison Group") provides coverage for a default judgment National Specialty obtained against Jamison Group in the suit captioned *National Specialty Insurance Company, Individually and as assignee of Trans Select d/b/a Select Transportation Systems vs. the Jamison Group, Inc. and Marvin Williams, 2007-CP-*

1

*23-3705* ("Underlying Suit"), and further alleges causes of action against Defendants for breach of contract, bad faith and negligence. [Doc. 1-1]. On April 2, 2010, Defendants filed their Answer asserting, *inter alia*, that the Complaint failed to state a cause of action for which relief could be granted against Defendants and must be dismissed. [Doc. 4, at 3, ¶ 15]. Specifically, Defendants asserted that Domestic Claims is not an insurer and did not issue an insurance policy to Jamison Group. [Doc. 4, at 4, ¶ 18].

This is the second iteration of this suit. National Specialty previously filed a related lawsuit, Civil Action No. 2:09-cv-01183-JFA, against the same Defendants in the United States District Court for the District of South Carolina, Columbia Division ("Original Action"). Defendants moved to dismiss the Original Action pursuant to Fed. R. Civ. P. 12(b)(6). Judge Joseph F. Anderson dismissed the Original Action against Domestic Claims in its entirety on the grounds that, *inter alia*, South Carolina does not recognize a cause of action for bad faith against an independent insurance company and Domestic Claims was not a party to the National Union policy. [Doc. 23-3, at 4]. Judge Anderson also dismissed the bad faith cause of action against National Union. [Doc. 23-3, at 3]. Thereafter, National Specialty moved for, and was granted, a voluntary dismissal of the remaining causes of action against National Union. [Doc. 23-4]. National Specialty did not appeal the dismissal of the Original Action against Domestic Claims.

Domestic Claims now moves for an order dismissing National Specialty's allegations against it on the grounds that National Specialty's claims are barred by the doctrines of claim and issue preclusion.

## DISCUSSION

"Under *res judicata*, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat*

*Enters.*, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996). *Res judicata* "encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel." *Id*. Under claim preclusion, "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Id*. (quoting *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)). "Issue preclusion is a more narrow concept and applies when the later litigation arises from a different cause of action." *Id.* (citing *Nevada*, 463 U.S. at 130 n.11). Issue preclusion "bar[s] subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determined by a court of competent jurisdiction' in the first litigation". *Id.* (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)); *see also Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir. 1988).

## I.     Claim Preclusion

Domestic Claims argues that National Specialty's claims against it are barred by the doctrine of *res judicata* because the precise allegations that are the subject of National Specialty's Complaint against Domestic Claims were litigated and decided adversely to National Specialty in the Original Action.

Generally, to establish claim preclusion, three conditions must be met: (1) the prior judgment must have been final, on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the actions involved identical parties or their privies; and (3) the claims in the latter action are based upon the same causes of action asserted in the former action. *See In re Varat*, 81 F.3d at 1315.

A.      **The Prior Judgment**

National Specialty argues that the court's order in the Original Action [Doc. 26-3] makes plain that the primary reason for the dismissal of Domestic Claims from that suit, including dismissal of National Specialty's bad faith claim, was based on a lack of standing. National Specialty further argues that a lack of jurisdiction is not an adjudication on the merits because such a finding is, in essence, a holding that the court lacked jurisdiction to hear the matter. *See United States v. Wills*, 346 F.3d 476, 488 (4th Cir. 2003) (concluding that "dismissal for lack of jurisdiction was not an adjudication on the merits . . . [t]herefore, the principles of collateral estoppel [or] *res judicata* . . . are inapplicable."); *See also*, *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 179 F.3d 107, 109 (4th Cir. 1999) (affirming the district court's dismissal of the citizens suit for lack of subject matter jurisdiction, concluding that FOE and CLEAN lacked standing).

Despite National Specialty's focus on the issue of standing, a close review of Judge Anderson's order dismissing Domestic Claims in the Original Action reveals that standing was not the sole basis upon which that order was decided. [Doc. 26-3, at 4]. The court also dismissed National Specialty's bad faith claim against Domestic Claims and in doing so stated:

> Neither [Domestic Claims] nor National Specialty were party to the policy issued by National Union, and therefore National Specialty cannot establish the existence of a mutually binding contract for insurance necessary to pursue its claim. Moreover, South Carolina does not recognize a cause of action for bad faith against an independent adjusting company. For **both** of these reasons, National Specialty's claim of bad faith against [Domestic Claims] is dismissed.

[Doc. 26-3 at 3-4] (emphasis added). Moreover, the court based its dismissal of National Specialty's breach of contract action against Domestic Claims on National Specialty's failure to proffer "any legal theory by which Domestic Claims would be liable to provide insurance coverage under the National Union policy." [Doc. 26-3, at 4]. This recognized failure was not based on National

4

Specialty's failure to obtain an assignment, but rather on the recognized fact that Domestic Claims was not a party to the National Union policy. [Doc. 26-3, at 4].

National Specialty also argues that the court's order in the Original Action does not state or suggest that the dismissal is with prejudice. *See* [Doc. 31, at 6]. According to National Specialty, the implication of the court's language (or lack thereof) is that it intended that the dismissal be without prejudice. As support, National Specialty provides the following excerpt from the court's order in the Original Action:

> National Specialty . . . offer[s] only its aspiration that it may one day secure an assignment of rights from the Jamison Group. In the absence of such an assignment, the Court finds that National Specialty is a stranger to the National Union Policy and lacks standing to pursue a bad faith claim.

[Doc. 26-3, at 3].

"[A] dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). In order to refute this clear proposition of law, National Specialty alleges the Original Action was not dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and points to the absence of a specific citation of the rule in the court's order in the Original Action. [Doc. 31, at 6]. Despite the absence of such a citation, it is apparent the dismissal was because of National Specialty's failure to state a claim against Domestic Claims for which relief could be granted. *See* [Doc. 26-3, at 3-4]. Moreover, Domestic Claims' Motion to Dismiss the Original Action, which the court granted, was specifically based on Fed. R. Civ.

5

P. 12(b)(6).  *See* [Doc. 18, Civil Action No. 2:09-cv-01183-JFA].  It is not necessary for the court to specifically repeat the Rule in its Order. *See Orcha Yachts, LLC v. Mollicam, Inc.*, 287 F.3d 316, 319 (4th Cir. 2002) (finding that although Rule 41 was not mentioned in lower court's order dismissing case, the order was plainly an involuntary dismissal for violation of the rules under Rule 41(b), and as such, an adjudication on the merits); *see also United States v. Hill*, No. 10-4102, 2010 WL 3452768, at *17 (4th Cir. 2010) (finding court's order as to sentencing proper despite failure to specifically cite sentencing guideline statute where court considered many of the factors listed in the statute). Thus, this court finds that the dismissal of the Original Action against Domestic Claims was pursuant to Fed. R. Civ. P. 12(b)(6) and on the merits. Accordingly, the court finds that Domestic Claims has established the first element of claim preclusion.

**B.     Identity of the Parties**

The identity of the parties in both the instant action and the Original Action are the same. *Compare* [Doc. 1-1, at 3-9] with [Doc. 1-1, at 4-6, Civil Action No. 2:09-cv-01183-JFA].

**C.     Similarity of Claims**

Domestic Claims argues that the causes of action in the instant case and the Original Action arise out of the same causes of action: breach of contract, bad faith, and negligence. *Compare* [Doc. 1-1, at 3-9] with [Doc. 1-1, at 4-6, Civil Action No. 2:09-cv-01183-JFA]. According to National Specialty, there was no negligence claim against Domestic Claims or National Union in the Original Action.  [Doc. 31-3, at 1-3].  National Specialty also argues that the bad faith cause of action against Domestic Claims is a different claim than that in the Original Action because Domestic Claims was, both in the Complaint [Doc. 31-3, at 1, ¶¶ 2, 3] and by the court's order in the Original Action [Doc. 31-5, at 3], considered to be an independent

6

adjusting company. National Specialty claims that further investigation has revealed that Domestic Claims is an in-house adjuster for National Union, rather than an independent adjuster, and that this changes the nature of the cause of action.

In the Order in the Original Action, the court cited *Charleston Dry Cleaners & Laundry v. Zurich American Insurance Co.*, which held that South Carolina does not recognize a cause of action for bad faith or negligence by an insured against an independent adjusting company. 586 S.E.2d 586 (S.C. 2003); *See* [Doc. 31-5, at 3]. According to National Specialty, Domestic Claims is an in-house adjuster for National Union, and, as a result, *Charleston Dry Cleaners* is no longer dispositive.

National Specialty relies on *Addison v. The Travelers Indemnity Co.*, which, in its view, provides a reasonable basis for asserting bad faith and negligence claims against Domestic Claims. In *Addison*, the court discussed *Charleston Dry Cleaners* and held as follows:

> In *Charleston Dry Cleaners & Laundry*, the Court held that although the insurer owes the insured a duty of good faith and fair dealing, this duty of good faith arising under contract does not extend to a person who is not a party to the insurance contract. The *Charleston* court specifically held that two independent adjusters retained by an insurance company to adjust an insured's claim did not owe a duty to the insured. The *Charleston* court emphasized that a company should not be held liable for the poor adjustment of an adjuster if the adjuster is not an employee of the insurance company. The *Charleston* court was thus silent as to whether an in-house adjuster also owes no duty to an insured. The court infers that the *Charleston* court did not intend for this ruling to cover adjusters who are employees of insurance companies and who adjust claims specifically between their employer and its claimants . . . Fulmer is an in-house adjuster for Travelers, indicating that he is employed by Travelers for the specific purpose of adjusting claims between Travelers and its policy holders. Since the facts as alleged by Plaintiff indicate that Fulmer acted in a way which prolonged and delayed any settlement of Plaintiff's claim, Plaintiff has an arguably reasonable basis for a state court claim against Fulmer under a negligence theory.

C.A. No. 1:09-cv-03086-MBS, 2010 WL 3258585 at *3 (D.S.C. Aug 17, 2010).

7

National Specialty asserts that its Complaint in the instant action alleges specifically that Domestic Claims was the authorized claims department for National Union. [Doc. 31-8, at 2, ¶ 8]. National Specialty argues that in light of the holding in *Addison*, the implication of National Specialty's factual allegation, especially the word "department," is that Domestic Claims was the in-house claims agency that handled National Union's claims and that for purposes of dismissal under Fed. R. Civ. P. 12(b)(6), this factual allegation in National Specialty's Complaint must be accepted as true.[1] However, this argument is unavailing because the instant motion is made on *res judicata* grounds, not on the basis of Rule 12(b)(6).

Despite National Specialty's arguments and its allegations with respect to Domestic Claims' status as an in-house or independent adjuster, the court finds that the claims in the instant case are identical to those alleged against Domestic Claims in the Original Action. A comparison of the two Complaints reveals the allegations are virtually identical. *Compare* [Doc. 1-1, at 3-9] with [Doc. 1-1, at 4-6, Civil Action No. 2:09-cv-01183-JFA]. The complaints vary in the name given to the causes of action alleged and the addition of the negligence cause of action. However, the legal label given to a cause of action is immaterial. *See Labram v. Havel*, 43 F.3d 918, 920-21 (4th Cir. 1995). Rather, it is the legal and factual basis underlying the claim that controls. *Id*. Furthermore, under the doctrine of claim preclusion, "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, *but also of every claim that might have been presented*." *In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996) (emphasis added). The negligence cause of action is merely a recharacterization of National Specialty's cause of action

---

[1] In addition, National Specialty argues that while not necessary for this 12(b)(6) motion, it should be noted that the Rule 30(b)(6) deponent for both Domestic Claims and National Union, Antonio Daskalakis ("Daskalakis"), provided testimony that raises the same inference. *See* [Doc. 31-1, at 5-6]. National Specialty argues that its bad faith and negligence claims against an in-house claims adjuster are different causes of action than in the Original Action against an independent claims adjuster and that the same issue has not been previously litigated or determined.

8

for bad faith refusal to pay first party benefits and that cause of action could have been brought in the Original Action. *See* Fed. R. Civ. P. 8, 18; *cf*. Fed. R. Civ. P. 13(a); *see also Keith v. Aldridge*, 900 F.2d 736, 740 n.5 (4th Cir. 1990) ("For res judicata purposes... it is the existence of the claim, not awareness of it, that controls.") Accordingly, the negligence cause of action is barred despite National Specialty's failure to plead that specific cause of action in the Original Action.

## II.     Issue Preclusion

Domestic Claims contends that the issues and relief sought in the instant case are identical to those litigated in the Original Action.

To establish that issue preclusion should be applied to bar a plaintiff's claims, a defendant must establish five elements, which the United States Court of Appeals for the Fourth Circuit has articulated as follows:

> Collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate. For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

*Sedlack v. Braswell Services Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998). For collateral estoppel purposes, an issue has been defined as "'a single, certain and material point arising out of the allegations and contentions of the parties.'" 18 MOORE'S FEDERAL PRACTICE § 132.02[1] (Matthew Bender 3d) (quoting *Paine & Williams Co. v. Baldwin Rubber Co.*, 113 F.2d 840, 843 (6th Cir. 1940) ("[A]n issue sometimes arises from the affirmation on the one side and the denial on the other of some material point of law or fact as developed by the evidence.")) In addition,

"[a]n issue may concern only the existence or nonexistence of certain facts, or it may concern the legal significance of those facts." *Id*.

**A.     Identity of Issues**

National Specialty argues that in the Original Action, the issue of the potential liability of an independent claims adjuster was litigated and determined but that in the instant action the issue is the liability of Domestic Claims as an in-house adjuster. The court disagrees.

The issues presented in this case were actually determined and necessarily decided in the Original Action. National Specialty erroneously frames the court's ruling in the Original Action as relating solely to the liability of an independent claims adjuster as opposed to an in-house claims adjuster; however, the court's ruling was not based on that issue but instead upon whether Domestic Claims was in privity of contract with National Specialty. *See* [Doc. 26-3]. In finding that Domestic Claims was not liable for bad faith or breach of contract, the court specifically noted, not only that National Specialty was not a party to the National Union policy, but also significantly, that Domestic Claims was not a party to the insurance contract. [Doc. 26-3, at 3]. Thus, even if National Specialty had obtained an assignment, there still would be no privity of contract between it and Domestic Claims. Under South Carolina insurance law, the duty of good faith in the performance of obligations arises under the insurance contract and therefore does not extend to a person who is not in privity of contract with the insured. *See Carolina Bank & Trust Co. v. St. Paul Fire and Marine Co*., 279 S.C. 576, 580-581, 310 S.E.2d 163, 166 (Ct. App. 1983). Accordingly, the court found there was no privity of contract between National Specialty and Domestic Claims, and therefore there was no cause of action for bad faith. [Doc. 26-3 at 3-4]. The court also found the lack of privity of contract dispositive of National Specialty's claim for breach of contract against Domestic Claims in the Original Action. [Doc. 26-3 at 4].

("National Specialty has failed to provide evidence suggesting that AIG issued an insurance policy of any kind to any party to this case. National Specialty has also failed to produce a legal theory by which AIG would be liable to provide insurance coverage under the National Union policy. As argued in National Union and AIG's briefs – any insurance benefits owed under the National Union policy are owed by National Union and not AIG.")). Thus, the issues relating to Domestic Claims' liability for bad faith or breach of contract were actually decided in the Original Action. [2]

**B.    The Actually Determined Requirement**

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. U.S.*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Here, the issue litigated and actually decided in the Original Action was not merely whether Domestic Claims was an independent adjuster, but also whether Domestic Claims was a party to the National Union policy. [Doc. 31-5, at 4]. Accordingly for the reasons outlined above, *see supra* Part II.B., the court finds that Domestic Claims has established the "actually determined" element.

---

[2] To be clear, this court's holding is not that there could never be privity of contract or a duty of care arising between an in-house adjuster and an insured. This court recognizes that the court in *Addison* "infer[red] that the *Charleston* court did not intend for [its ruling as to independent adjusters] to cover adjusters who are employees of insurance companies and who adjust claims specifically between their employer and its claimants." *Addison,* 2010 WL 3258585, at *3. Nevertheless, this court bases its finding in the instant case on Judge Anderson's holding in the Original Action that there was no privity of contract between Domestic Claims and National Specialty. *See* [Doc. 23-3, at 4]. Judge Anderson's order in the Original Action, *See* [Doc. 23-3, at 4], was a judgment on the merits, and the record indicates that National Specialty did not appeal that ruling.

11

C.    **Critical and Necessary Part of Decision**

According to the United States Court of Appeals for the Fourth Circuit, "in describing the scope of the 'critical and necessary' criterion, we have used the alternative word 'essential.'" *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 327-329 (4th Cir. 2004) (citing *Polk v. Montgomery Cty., Maryland*, 782 F.2d 1196, 1201 (4th Cir. 1986)).  Similarly, "for issue preclusion to apply, the issue must have been actually litigated and have been essential to the prior litigation." 18 *MOORE'S FEDERAL PRACTICE* § 132.03[4][a] (Matthew Bender 3d).  Again, for the reasons outlined above, *see supra* Part II.B., the court finds that the issue of Domestic Claims' liability under the National Union policy was "essential" to the court's finding in the Original Action. *See* [Doc. 31-5, at 4].

D.    **Finality and Validity of Prior Judgment**

Simply put, "[t]he application of issue preclusion requires a final judgment (or decision of the issue) in the first action." 18 *MOORE'S FEDERAL PRACTICE* § 132.03[5][b][i] (Matthew Bender 3d). National Specialty argues that the issue regarding potential liability of independent claims adjusters was finally decided and that issue is no longer a part of this case. [Doc. 31, at 10]. National Specialty further argues that the court's holdings on the lack of standing in the Original Action were not determinations on the merits and that, given the assignment from Jamison to National Specialty of all its rights and claims, standing is no longer in dispute in the instant case. [Doc. 31, at 10]. However, these contentions are beside the point because the court in the Original Action dismissed Domestic Claims on the basis that it was not a party to National Union's insurance contract. Accordingly, the court finds that Domestic Claims has established the finality element.

**E.      Full and Fair Opportunity to Litigate Issue in Previous Forum**

National Specialty argues that the court's order of January 28, 2010, in the Original Action [Doc. 31-6] allowing National Specialty to dismiss the declaratory action without prejudice plainly implies that National Specialty did not have a full and fair opportunity to litigate the issues.  National Specialty contends that the disposition in the January 28, 2010, order was a dismissal without prejudice and that the court's order implies as much because of the court's mention of confusion arising from the demise of the Jamison Group. [Doc. 31-6, at 5].  In National Specialty's view, the consequence of the January 28, 2010, order is that National Specialty was unable to find and obtain an assignment from principals of the Jamison Group, a defunct insurance agency, and that it was precluded from having a full and fair opportunity to litigate practically all of the issues in the prior litigation.  The court finds these arguments unpersuasive.

The January 28, 2010, order in the Original Action was concerned with National Specialty's claims against National Union and not with National Specialty's claims against Domestic Claims. *See* [Doc. 26-4]. Indeed, at the time the January 28, 2010, order was issued, Domestic Claims was no longer a party to the Original Action because the court granted Domestic Claims' Rule 12(b)(6) Motion to Dismiss. *See* [Doc. 26-3]; [Doc. 26-4]. An examination of Judge Anderson's January 14, 2010, order and the parties' briefs on Domestic Claims' Rule 12(b)(6) motion reveals that National Specialty was indeed afforded an opportunity to litigate the issues that it seeks to litigate in the instant case. *See* [Doc. 26-3]; *see also* [Doc. 26-4].  Accordingly, the court finds that Domestic Claims has established the elements of claim preclusion.

## CONCLUSION

For the foregoing reasons, Domestic Claims' Motion to Dismiss [Doc. 26] on grounds of *res judicata* is **GRANTED** and AIG Domestic Claims, Inc. is **DISMISSED** with prejudice**.**

**IT IS SO ORDERED.**                              s/ J. Michelle Childs
                                                                    United States District Judge

Greenville, South Carolina
August 8, 2011